[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commenced this action to collect from the CT Page 11766 defendant on several alleged obligations. In the course of trial, two of these claims were withdrawn and a third was abandoned by virtue of language in the plaintiff's brief. Left to be decided are these issues.
1. The plaintiff's claim that he loaned the defendant $2,500;
2. The plaintiff's claim for $15,000 plus interest;
3. Whether the plaintiff has a security interest in the defendant's motor vehicle;
4. The defendant's counterclaims alleging the plaintiff unlawfully retained the vehicle in question.
The dispute followed the breakup of a close personal relationship between these parties.
 I
The plaintiff claims he loaned the defendant $2,500, she responds that he gave her $2,000 as a gift. There is no promissory note, explanatory note on a check, or written memorandum addressing this transaction. This event occurred at a time preceding their breakup. On this claim, the Court finds the plaintiff has not sustained his burden of proof.
 II
As for the $15,000 note payment, there is no question that the defendant signed the underlying note nor that the plaintiff paid the full amount of $15,000. The defendant doesn't question the claimed interest payments made by the plaintiff.
However, she claims that the note was represented to her by the plaintiff as a device by which her credit record would be built up. A series of notes was to follow this one. While the plaintiff claims the defendant received the $15,000, the defendant denies this and states it was put in a joint account which they both used. On cross examination, she stated that the proceeds could have gone into her Naugatuck house purchase — but maybe only $6,000 of it.
The defendant further argues that a clause contained in the note excused the plaintiff from making any payment on behalf of CT Page 11767 the defendant and therefore, his payment was gratuitous. The clause in question reads:
 "Any person who signs within this box does so to give you a security interest in the property described above. This person does not promise to pay the note."
While the Court is at a loss to understand the bank's purpose in having the plaintiff sign onto that clause when the security interest was the defendant's car, the fact remains that had he not discharged the defendant's obligation, (he actually executed a new note), the defendant's vehicle would have been subject to re-possession and sale by the bank.
Further, the new note the plaintiff executed and subsequently paid served to release the bank's security interest in the defendant's vehicle. Of course, it primarily discharged the defendant's debt to the bank.
Thus, the plaintiff bestowed a definite benefit on the defendant regardless of the meaning of the clause and even though he bestowed that benefit by executing a new note.
The Court concludes that the plaintiff was neither a co-signer nor a co-maker, and that he expended the sums claimed to the benefit of the defendant. It should be noted that at the time the plaintiff affixed his signature to the clause in question, the parties did have a common interest in the vehicle to which the security interest attached and that may explain the bank's purpose in having the plaintiff sign on the clause recited above.
The Court finds the plaintiff should recover of the defendant the sums expended to discharge the original note on which the defendant was the obligor.
 III
The plaintiff's claim to a security interest in the defendant's motor vehicle must be denied because of the language of C.G.S. § 42a-9-203. The evidence presented does not satisfy the requirements of this statute that "the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement. . ." (emphasis added). CT Page 11768
 IV
The defendant presented no evidence of damages in support of her counterclaims to the effect at the plaintiff unlawfully retained possession of her vehicle, thus depriving her of its value. Nor were the counterclaims briefed. The Court finds the defendant has not sustained her burden of proof and finds for the plaintiff on the counterclaims.
CONCLUSION
Judgment may enter for the plaintiff to recover of the defendant the sum of $19,687.50, representing $15,000 principal and $4,687.50 interest paid by him on behalf of the defendant.
Judgment may enter for the plaintiff on the defendant's counterclaims.
Judgment may enter that the plaintiff does not possess a security interest in the defendant's 1969 GT 400 Shelby.
Anthony V. DeMayo State Trial Referee